VIRGINIA TABLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27949. Promulgated July 29, 1930.

*J. P. Buchanan, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

**OPINION.**

SEAWELL: In the original petition as filed the petitioner claimed deductions in determining net income to the extent of the reserves for future discount computed for the years here in question, namely, $13,219.84 for 1922 and $22,141 for 1923. Later, petitioner abandoned the foregoing contention and, upon motion duly granted, was permitted to file an amended petition. The basis of the claim in the amended petition is that deductions should be allowed in 1922

and 1923 for the discount which was actually taken by customers in the subsequent years on accounts receivable outstanding at the end of the respective years now in question. That is, there were outstanding at December 31, 1922, accounts receivable in the amount of $188,854.92 and in 1923 discounts were taken in the payment of these accounts to the extent of $14,639.01. And the petitioner, accordingly, contends that the deduction to be allowed in 1922 is $14,629.01 instead of $13,219.84, the amount set up in the reserve for 1922, since the amount now determined is no longer an estimate, but definite and certain. A similar argument is made with respect to 1923.

We, however, are of the opinion that this later determination of the actual discounts which were finally availed of by the petitioner's customers is not sufficient to warrant the allowance of the deductions sought. One of the cardinal principles of the taxing statutes with which we are concerned is that taxable income is to be determined on an annual basis. So far as this petitioner was concerned, it had made certain sales during each of the years before us, which sales, under the system of accounting employed by it, were properly includable in its gross income for the respective years in which the sales were made. Whether less than the sales price of the various articles sold would be ultimately collected when the payments were made was a fact not known at the end of the years here in question, and, therefore, no deduction could be allowed until it was known that the discount privilege would be availed of, which was the following year. We have heretofore held that reserves set up by a taxpayer at the close of the taxable year, in amounts equal to a certain percentage of its then outstanding accounts, for discounts anticipated in connection with the settlement of such accounts are not deductible in determining net income. *M. I. Stewart & Co.*, 2 B. T. A. 737, and *Jackson Casket & Manufacturing Co.*, 7 B. T. A. 1190. The case at bar comes squarely within the foregoing principle in so far as a reserve for cash discount is concerned, and we have no evidence as to the extent to which the deduction claimed may include some allowance for trade discount. The argument advanced by the petitioner with respect to a determination after the close of the year on account of a contingency which existed at the end of the year might well apply to any case where a deduction is sought in a given year under a contingency. The record does not show other than that deductions have been allowed in each of the years before us to the full extent of discount availed of in those years. Cf. *Lucas* v. *American Code Co.*, 280 U. S. 445.

*Judgment will be entered for the respondent.*